62 F.3d 1428
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Tobin Don LEMMONS, a/k/a Everett Melson, Plaintiff-Appellant,
v.
Bruce DUNCAN, Detective; Larry Fugate; Brant Green; Jim
Wahl; David Bates; Dan Jones; Sapulpa Police
Department; Creek County Sheriff's
Department, Defendants-Appellees.
 No. 94-5183.
 United States Court of Appeals, Tenth Circuit.
 Aug. 15, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 ORDER AND JUDGMENT[1]
 MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is a pro se appeal from the granting of defendants' motion for summary judgment. Plaintiff-appellant Lemmons had filed an action under 42 U.S.C.1983 alleging, among other claims, defendant Sapulpa, Oklahoma police officers had violated his constitutionally protected rights by conducting a search of his vehicle without a warrant or probable cause.
 
 
 3
 Defendants' motion for summary judgment was supported by a brief and affidavits, but plaintiff neither filed affidavits of his own nor requested a delay in the determination of summary judgment so he could conduct discovery. Among other facts set forth in the affidavits, it is asserted and uncontroverted the actual search of and the seizure from plaintiff's automobile was conducted by Tulsa officers and not the defendants. It is thus clear the plaintiff has no factual basis for his Fourth Amendment claim.
 
 
 4
 Our review leads us to the conclusion the district court did not err in granting summary judgment. We therefore AFFIRM for the reasons stated in its order of September 22, 1994.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470